UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE NEW YORK TIMES COMPANY,

Plaintiff,

v.

THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Defendant.

**COMPLAINT**

Plaintiff THE NEW YORK TIMES COMPANY ("The Times"), by and through their undersigned attorneys, allege as follows:

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552 *et seq*. ("FOIA"), to obtain an order for the production of agency records from The Equal Employment Opportunity Commission ("EEOC").

2. Despite the passing of the statutory deadlines, the EEOC has failed completely to provide any substantive response to The Times's FOIA request for records pertaining to its communications with certain individuals and groups, its policies and other records regarding discrimination against white employees, and its communications concerning The Times.

**PARTIES**

3. Plaintiff The New York Times Company publishes *The New York Times* newspaper and www.nytimes.com. The Times is headquartered in this judicial district at 620 Eighth Avenue, New York, NY, 10018.

4. Defendant Equal Opportunity Employment Commission is an agency within the federal government that has possession and control of the records that Plaintiff seeks.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

6. Venue is premised on Plaintiff The New York Times Company's place of business and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

## LEGAL FRAMEWORK

7. FOIA requires that agencies make a determination as to FOIA requests within 20 business days. 5 U.S.C. § 552(a)(6)(A)(i). This deadline may be extended by up to 10 business days in "unusual circumstances." *Id.*

8. FOIA likewise requires that determinations regarding fees that may be charged to requestors be made within these same deadlines. 5 U.S.C. § 552(a)(4)(A)(viii); *Bensman v. Nat'l Park Serv.*, 806 F. Supp. 2d 31 (D.D.C. 2011).

9. "In order to make a 'determination' within the statutory time periods . . . the agency must at least indicate within the relevant time period the scope of the documents it will produce and the exemptions it will claim with respect to any withheld documents." *Citizens for Responsibility & Ethics in Wash. v. FEC*, 711 F.3d 180, 182-83 (D.C. Cir. 2013) (Kavanaugh, J.); *see also* 5 U.S.C. § 552(a)(6)(A)(i)(I) (specifying that a determination must include "the reasons therefor").

10. FOIA provides that a requester "shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with" the statutory deadlines. 5 U.S.C. § 552(a)(6)(C)(i).

## FACTUAL BACKGROUND

11. On June 16, 2026, The Times requested the following from the EEOC, pursuant to FOIA:

> **First**: Correspondence to or from any members of the Commission, the Office of the EEOC Chair, the Office of the EEOC Acting General Counsel, and/or any members of their staff(s) with any of the following persons or organizations or any of their agents or personnel:
>
> - Heritage Foundation
> - America First Legal
> - Pacific Legal Foundation
> - American Alliance for Equal Rights
> - Center for Individual Rights
> - Foundation Against Intolerance and Racism
> - American Enterprise Institute
> - Center for Equal Opportunity
> - Stephen Miller, White House staff member
> - The Office of the Missouri Attorney General
> - Consovoy McCarthy LLP
> - The Federalist Society
>
> **Second**: Briefs filed by the EEOC in any administrative proceeding involving claims of discrimination against white employees based on their race;

**Third**: Agency policies or directives concerning agency handling of, or investigations into, claims of discrimination against white employees based on their race;

**Fourth**: Speeches, including talking points and/or slides, delivered by Commissioner Andrea Lucas, addressing or discussing agency policy or investigations related to claims of discrimination against white employees based on their race;

**Fifth:** All agency policies or directives setting out agency priorities for types of discrimination to be investigated or litigated;

**Sixth:** Communications regarding 1) questions posed to the EEOC from New York Times reporters or 2) New York Times articles.

12. The time frame for responsive documents was January 20, 2025 until documents are fully produced in response to the request.

13. The request included an agreement to pay up to $250 in fees.

14. On June 25, 2026, the EEOC sent a letter to The Times assigning the request the tracking number 820-2026-012049.

15. The letter indicated that the request posed "unusual circumstances" because of "the need to search for and collect the requested records, if any exist, from field offices or other establishments that are separate from this office," and that, as a result, it was extending its response time past the usual 20 business days (*see* 5 U.S.C. § 552(a)(6)(A)(i) and 29 C.F.R. § 1610.9(d)) by an additional 10 business days (*see* 5 U.S.C. § 552(a)(6)(B)), *i.e.*, until July 31, 2026.

16. EEOC's letter stated that the agency would "make every effort to issue a determination on your request on or before July 31, 2026."

17. In addition, the letter informed The Times that its request would garner fees in excess of $250 and that The Times's "request has been placed on a hold for the purpose of determining FOIA processing fees." The letter stated that "once we have determined an appropriate search fee estimate, a separate fee estimate letter will be provided to you."

18. The letter invited The Times's counsel to reach out to Teresa Dixon at the EEOC for "clarification or with any further questions" and "to provide your availability for the month of July, so that we may discuss your request in further detail."

19. Undersigned counsel reached out to Ms. Dixon, but she did not respond in July. After prompting, she responded in August, and the parties set a call for August 19. The day before the call, Ms. Dixon cancelled it, and she has not responded to inquiries since then about when a response will be provided.

20. The EEOC also never provided any "separate fee estimate letter" to The Times.

## CAUSE OF ACTION
***Violation of 5 U.S.C. § 552***

21. Plaintiff repeats, realleges, and reincorporates the allegations in the foregoing paragraphs as though fully set forth herein.

22. The EEOC is an agency subject to FOIA, and it must therefore conduct an adequate search using reasonable efforts to locate responsive records, release any disclosable records in its possession at the time of the request, and provide a lawful reason for withholding any other materials as to which it is claiming an exemption or other basis for withholding.

23. The EEOC has failed to meet the statutory deadlines for making both a fee demand and a substantive determination in response to The Times's FOIA request.

24. The Times has exhausted all available administrative remedies with respect to its request. 5 U.S.C. § 552(a)(6)(C)(i).

25. The EEOC is permitted to withhold documents or parts of documents only if one of FOIA's enumerated exemptions apply.

26. No exemptions permit the withholding of the records sought by this request, nor does any other valid basis for withholding the requested records exist.

27. Plaintiff is thus entitled to an order directing the EEOC to produce records responsive to The Times's request.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Declare that the records sought by the request, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

2. Declare that the EEOC has abandoned any right to charge or recover fees associated with The Times's request;

3. Order the EEOC to undertake an adequate search for the requested records and to provide those records to Plaintiff within 20 business days of the Court's order;

4. Award Plaintiff the costs of this proceeding, including reasonable attorneys' fees, as expressly permitted by FOIA, 5 U.S.C. § 552(a)(4)(E)(i); and

5. Grant Plaintiff such other relief as this Court deems just and proper.

Dated: New York, New York
August 24, 2026

*/s/ David E. McCraw*
David E. McCraw
Legal Department
The New York Times Company
620 Eighth Avenue
New York, NY 10018
Phone: (212) 556-4031
Email: mccraw@nytimes.com

*Counsel for Plaintiff The New York Times Co.*